

ORDERED in the Southern District of Florida on September 6, 2013.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

IN THE UNITED STATES
SOUTHERN DISTRICT
MIAMI DADE
www.flsb.u

In Re:

Julio Sanchez                                                                       Case No: 13-25399-LMI

Debtor                                                                                Chapter 13

_____/

### ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY POWER FINANCIAL CREDIT UNION (ORIGINAL LENDER PAN AM HORIZONS FEDERAL CREDIT UNION)

THIS CASE came to be heard on August 13th, 2013 on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 12; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.  The value of the debtor's real property (the "Real Property") located at

   9130 SW 45th Terrace, Miami, FL 33165, and more particularly described as

   **LOT 2, IN BLOCK 2, UNIVERSITY HOMES SECTION 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 69, AT PAGE 86, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.**

   Is $156,150.00 at the time of the filing of this case.

B.  The total of all claims secured by liens on the Real Property senior to the lien of **POWER FINANCIAL CREDIT UNION (ORIGINAL LENDER PAN AM HORIZONS FEDERAL CREDIT UNION)** (the "Lender") is $311,717.00.

C.  The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $0 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

6.  The Motion is **GRANTED**.

2.  Lender has an allowed secured claim in the amount of $0.

3.  Because Lender's secured interest in the Real Property is $311,717.00, Lender's mortgage recorded on May 5th, 2005 at OR BOOK 23343 at Page 435 of the Official Records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4.  Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

5.  The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6.  Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

LAW OFFICE OF JENNIFER R. JORGE, P.A.
8603 S. Dixie Highway, Suite 209
Miami, FL 33143
Tel: 786.615.4630
Fax: 786.615.4632

By: */s/ Jennifer R. Jorge*
JENNIFER R. JORGE, ESQ.
Fla. Bar No: 0149012

Service List:

**President/CEO of Bank to send to**

Mr. Allan M. Prindle, CEO and President
Power Financial Credit Union
202 NW 150th Avenue
Pembroke Pines, FL 33028
Via US Mail

Mr. Robert D Dunn, Esq.
Attorney for Power Financial Credit Union
8500 SW 92nd ST, Suite 202
Miami, FL 33156
Via US Mail

Nancy K. Neidich, by Electronic Mail

U.S. TRUSTEE BY ELECTRONIC MAIL